SELLIER *v.* DEDEAUX *et al.*

[99 So. 439.   No. 24013.]

(Division B. March 24, 1924.)

SCHOOLS AND SCHOOL DISTRICTS. *County school board has power to change location of school when new building necessary.*

Under section 7332, Hemingway's Code (section 4512, Code of 1906), the county school board has jurisdiction to change the location of a school building or site when it becomes necessary to erect a new school building. The county school board may so adjust districts and locate school buildings as to best serve the interest, welfare, and convenience of the people of the district as in their judgment may be needful and the courts will not undertake to control their judgment in such matters.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Mandamus by R. C. Sellier against S. H. Dedeaux and others, trustees of the Delisle Consolidated Public School. From a judgment refusing the writ, petitioner appeals. Affirmed.

*J. L. Taylor,* for appellant.

Under section 7332, Hemingway's Code, section 4512, Code of 1906, the school board is given authority "to designate the location of the schoolhouse in each district, if not already located." In this case, the schoolhouse was already located, and the school board was without authority to designate location. In *Purvis, et al.* v. *Robinson,* 69 So. 673, the court said: "The only effect of section 4512 is to require the board of education to hold a meeting before the first day of August in each year for the purpose of considering the matters named. This work is required to be done before the first day of August, and this is all." In *Collins* v. *Watts,* 78 So. 515, the court held in construing this statute that the limitation of the time to the first day of August was directory and not mandatory, but we feel that the court evidently overlooked the fact that the board was without authority to designate a location where a school was already located, as well as also that the schools usually begin their terms in September.

In 25 R. C. L. 960, we find: "In the interpretation and construction of statutes, the primary rule is to ascertain and give effect to the intention of the legislature as has been frequently stated in effect, the intention of the legislature constitutes the law." It would seem that there could be no sort of doubtful meaning about August 1, being a matter of limitation. The intent of the legislature was to have the boundaries of the schools fixed before August 1, and the schoolhouse located, if not already located, so that suitable preparations could be made for the fall term of the school.

Then again, as to a rule of construction, when the language of a statute is plain and unambiguous and conveys a clear and definite meaning, the statute must be given its plain and obvious meaning. We submit that this statute is plain in its terms.

Again, to construe the statute as meaning that it made no difference whether the matters provided for in the act were done before or after August first, would give

no effect at all to the time fixed as August first, but would read out of the statute the plain terms that the legislature put into it. So we submit that the proper construction of this statute is that the matters provided to be handled by the statute should be handled within the time prescribed by it and not otherwise.

*O. J. Dedeaux* and *Mize & Mize,* for appellee:

The order passed by the board on the 11th of August, 1923, shows that the meeting of that date was a continuation of a meeting of July 30, 1923, and that it had been continued to said date on the request of those contesting the removal of the schoolhouse from its then location to another site, and further shows that petition of the patrons and voters was before the board and that ninety-four of the petitioners and patrons were for the removal and that fifty-one of petitioners and patrons were against it, and that the school board had previously visited the district in a body for the purpose of examining the two sites and deciding on a location, and thereupon made an order locating the site for the new schoolhouse at a point different from where the school was being held at that time.

Counsel for the appellant contends that the school board of Harrison county had no authority to meet after the first of August of any year for the purpose of designating a site for the school building. Counsel was relying on *Purvis et al.* v. *Robinson,* 69 So. 673; 110 Miss. 64, but overlooked *Keeton* v. *Clarke County,* 117 Miss. 72, and *State* v. *Watts,* 117 Miss. 524, which hold specifically that section 7332 of Hemingway's Code is directory and not mandatory, and that the school board of a county may meet after August 1, to dispose of the business authorized by said section. The petition for mandamus seems to admit that the school board of Harrison county had the authority to change the location of the school-

house, provided it was done within the time allowed by law. It had been shown that it was so done.

But, aside from this, there is no merit in counsel's contention, that the site could not be changed. No site had ever been designated for this new school building, so the board had full and complete authority to designate a new site. As a matter of fact, the petition does not show that the Harrison county school board has ever designated a site for the location of the schoolhouse in the Delisle Consolidated School District, and it would have to show affirmatively that the schoolhouse had been located at a particular site by a valid order of the school board, appearing on the minutes. So, if his contention were true, even then his petition fails to state grounds entitling him to writ of mandamus.

Etheridge, J., delivered the opinion of the court.

The appellant, R. C. Sellier, filed a petition in the circuit court for a mandamus against the appellees, alleging that he was a patron of the said consolidated public school, and interested in the location of the schoolhouse in said district, and that the schoolhouse in the said district is located in about the center of the said district, and that the trustees had conceived the idea of demolishing the said schoolhouse and abandoning the location, and moving the same something like one-half mile west of the present location, and to erect a new school building on the proposed new location, and to that end had privately invited bids for the construction of the new school building; that the school board of Harrison county did not, prior to August 1, 1923, designate the location of the new schoolhouse, and that the said school board only have authority to change the location; that the trustees are attempting to exercise authority which they are not empowered to perform; and prayed for a mandamus commanding the board of trustees not to change the location of the school.

The general issue was pleaded by defendants, and special notice under the general issue given that defendants would offer evidence to show that the school board convened prior to the 1st day of August, 1923, for the purpose of changing the location of the schoolhouse in Delisle consolidated school district, and had a meeting for that purpose prior to the 1st day of August, 1923, at which meeting there was opposition to changing the location of the schoolhouse, and that the plaintiff was one of the persons in opposition, and that the opponents to the removal requested the school board to postpone the meeting for the purpose of considering the said question until they could get their attorney present, and that the county school board visited the scene of location and had another meeting on the 11th day of August, at which they fixed the site of the school building at the new location. It appeared on the trial that the county school board met on the 30th day of July and adjourned until the 10th day of August on which day they inspected the grounds of the new site and the old site and on the following day, the 11th day of August, entered an order changing the location of the school building to the new site. The circuit judge refused to grant the writ of mandamus and from such judgment this appeal is prosecuted.

Section 7332 of Hemingway's Code (section 4512 of the Code of 1906) provides that the county superintendent shall be president of the school board, and shall convene it annually prior to the 1st day of August to define the boundaries of the school districts of the county outside of separate school districts, or to make alterations therein and to designate the location of the schoolhouse in each district, if not already located.

It is contended here that the schoolhouse had already been located, and the fact that a new house was to be built did not justify the county school board in changing the location of the school building, but that the new building, if one was to be built, should be built upon the old site.

134 Miss.—38.

We think it was the purpose of the legislature to vest in the county school board the power to locate school buildings and to arrange school districts, and that, whenever it was necessary to change the location for the convenience and welfare of the patrons of the district, such board has the power to change said site. The law contemplates that the jurisdiction of the school board may be exercised annually; in other words, the board was given a discretion to so adjust the school districts and houses as to best serve the public interest, and that it has the power, when a new building is to be built, to fix the site thereof so as to serve the public interest to the best advantage, in the opinion of such board, and the court will not undertake to control the discretion of the county school board in such cases.

The judgment of the court below will therefore be affirmed.