BRANTLEY *v.* LAKE CORMORANT CONSOL. SCHOOL DIST.*

(Division B.  Dec. 3, 1928.)

[119 So. 184.  No. 27508.]

---

*Corpus Juris-Cyc References: Schools and School Districts, 35Cyc, p. 936, n. 33.

*Logan & Barbee,* for appellant.

*Holmes & Bowdre,* for appellee.

238

Argued orally by *R. F. B. Logan,* for appellant, and *Paul Bowdre,* for appellee.

ETHERIDGE, P. J.  This appeal involves the right of a county school board to relocate the site of the consolidated school district, after such site has been located and determined by an order of the county school board, and after an election has been held to determine whether bonds shall be issued and sold, and after bonds have been sold over the objection of the patrons of said consolidated school district and the taxpayers thereof.

Lake Cormorant consolidated school district of De Soto county was created by an order of the county school board on April 12, 1926. No question is raised on this appeal as to the validity of that order creating the district. Following the creation of the district, the board of supervisors entered an order declaring its intention of issuing bonds of the district and ordering an election therefor. No question is raised as to the validity of this order. The order of the county school board creating the district describes the territory composing the district and regulating the site. Thereafter the school building erected on said site was burned, and, the insurance being insufficient to construct a new school building, of suitable size and accommodation, the patrons of the said school petitioned for a relocation of the school building at another site, deemed more convenient and suitable to such petitioners, and also for an additional bond issue to provide the necessary funds for constructing the buildings. This petition for the relocation of the school site was resisted by certain patrons of the district, and a contest arose before the county school board in reference thereto.

The petition for the relocation of the school site recited that the school was located on Lake Cormorant Bayou; that there was danger of the children attending the school falling into the bayou and drowning; and that it was necessary for the children going to said school to cross a railroad track near said school, and that this, also, involved danger to the school children of said district. It was claimed that the new school site desired by the petitioners was more accessible and more convenient to the majority of the patrons of the school; that, being at the intersection of two leading highways of the county, it was more convenient to reach by transportation trucks, etc.; and that the site petitioned for would eliminate the objectionable features mentioned in the petition as to the original location. The county school board visited both sites and inspected them, and entered an order reciting

that the new location was more convenient and would better serve the welfare of the district, and that it would eliminate certain dangers which they found to exist by reason of the bayou and railroad near the old school site, and passed an order relocating the school near the intersection of said highways, and from the said order this appeal is prosecuted.

In *Sellier* v. *Dedeaux,* 134 Miss. 589, 99 So. 439, we held that, where the school building in a consolidated school district burned and it was necessary to erect a new school building, the county school board had the power to relocate the school site to better serve the public interest, welfare, and convenience of the people of the district; that the power conferred upon the county school board with reference to locating schools and changing the boundaries thereof, and establishing school sites, contemplated an annual exercise of the judgment of the board acting for the public welfare and public interest. It is contended here that that case is not applicable to the present case, because the school bonds had been voted for the purpose of erecting the new school building, and had been used in building it; that the site of the school was located by the board at the time the bond issue was voted; that the building of the house at the designated point might have been the controlling influence in the voting of the bonds by the qualified voters of the district; and that this should be the governing distinction between this case and the case of *Sellier* v. *Dedeaux, supra.* See, also, *Peets* v. *Martin,* 135 Miss. 720, 101 So. 78.

We do not think the fact of the bond issue makes any difference in the power of the board to locate a school site. The law gives the board the power to define school districts and locate school sites within such districts, and, as stated in the Sellier case, it was contemplated that that power would be exercised at recurring periods. We must assume that, when bond issues are voted, the voters understand that the law confers power upon the school

board to change the location of school buildings, and that such power cannot be controlled by bond issue votes, or by the patrons of the school, so as to restrict and seriously impair the existence of that power. We think the public welfare is best served by the legislative scheme of having the school board pass upon such questions whenever it is necessary to erect new school buildings. There might be such an abuse of discretion in abandoning good, suitable buildings, and erecting others, at the expense of the taxpayers, as would justify the courts in restraining arbitrary action; but we are not confronted with such a case now, and it is not necessary to decide that question until it shall arise in a proper case. The judgment of the court below will therefore be affirmed.

*Affirmed.*

---

*Corpus Juris-Cyc References: Schools and School Districts, 35Cyc, p. 991, n. 88.